SCHMITZ v. WYCKOFF, CHURCH & PARTRIDGE et al.

(Supreme Court, Appellate Division, First Department.  October 23, 1908.)

Costs (§ 51*)—Amendment—Conditions—Costs.

Code Civ. Proc. § 544, authorizes amendment of a pleading on just terms, so as to permit setting up of material facts which have occurred after the party's former pleading was filed, of which he was ignorant, etc. Held, that where, after service of defendant's answer in an action against it and another for negligence, plaintiff settled with the other defendant and executed a general release and a stipulation discontinuing the ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion, defendant was entitled to leave to file a supplemental answer setting up such release, without being charged with costs of the action.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 222; Dec. Dig. § 51.*]

Appeal from Special Term.

Action by Frank J. Schmitz against Wyckoff, Church & Partridge and another. From so much of an order granting leave to defendant Valvoline Oil Company to serve a supplemental answer as imposed costs as a condition, said defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Putney, Twombly & Putney (Walter H. Griffin, of counsel), for appellant.

Charles La Rue, for respondent.

CLARKE, J. The action was brought to recover for damages alleged to have been caused by the negligence of the defendants in handling and storing gasoline. On the 20th of January, 1908, the plaintiff settled with the defendant Wyckoff, Church & Partridge. A general release was executed, and a stipulation discontinuing the action was signed by the plaintiff's attorney on June 5, 1908. The defendant Valvoline Oil Company and its attorneys knew nothing of this settlement, release, and discontinuance until June 12, 1908. Thereupon, on July 9th, upon an affidavit of merits, the appellant made a motion for an order permitting it to serve a supplemental answer setting up the release under seal executed by the plaintiff to the defendant Wyckoff, Church & Partridge from the claim set up in the complaint, and alleging that the plaintiff thereby likewise released the appellant. The motion was granted upon the payment of costs from the beginning of the action to the present time.

Section 544 of the Code of Civil Procedure provides that:

"Upon the application of either party, the court may, and in a proper case must, upon such terms as are just, permit him to make a supplemental complaint, answer or reply alleging material facts which occurred after his former pleading or of which he was ignorant when it was made, including the judgment or decree of a competent court rendered after the commencement of the action determining the parties in controversy or a part thereof."

The settlement between plaintiff and the defendant Wyckoff, Church & Partridge was a material fact which occurred after the former pleading, the answer of the defendant Oil Company. It was a new fact, which was not brought about by the appellant, but by its codefendant, between whom there is no connection. It was a material fact, in that the release of one joint tort-feasor is the release of all joint tort-feasors, and the appellant had a perfect right to plead the release as a defense. Under such circumstances, no costs should have been imposed. If the appellant had procured the settlement and the release behind the attorney's back, and then had asked leave to set up by way of supplemental answer that fact of its own procurement, the imposition of costs would have been proper. That is not this case. There were no opposing papers, and there is no denial of the

fact that the first knowledge that the appellant had of the settlement was six months after it had been made.

Therefore that portion of the order appealed from should be reversed, with $10 costs and disbursements to the appellant. All concur.